IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON PATRICK JONES,<br><br>    Plaintiff,<br><br>v.<br><br>DALLAS VETERANS HOSPITAL, VA NORTH TEXAS HEALTH CARE SYSTEM,<br><br>    Defendant. | Civil Action No. 3:18-CV-1306-G-BT |

## DEFENDANT'S MOTION TO DISMISS

In this action, which was originally filed in state court but removed to this Court by defendant Dallas Veterans Hospital, VA North Texas Health Care System (the "Dallas VA Medical Center"[1]), plaintiff Jason Patrick Jones asserts a cause of action for medical malpractice against the Dallas VA Medical Center. As discussed below, though, Jones's attempt to sue the Dallas VA Medical Center for medical malpractice is jurisdictionally barred by the doctrine of sovereign immunity and by the doctrine of derivative jurisdiction. Accordingly, Jones's petition should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff Jason Patrick Jones has identified the defendant as "Dallas Veterans Hospital, VA North Texas Health Care System." There is no such entity with that exact name, but based on the allegations in Jones's petition, the government understands that Jones is attempting to sue the U.S. Department of Veterans Affairs hospital located at 4500 S. Lancaster Road in Dallas, Texas, i.e., the Dallas VA Medical Center.

**Defendant's Motion to Dismiss – Page 1**

## I.      Background

Plaintiff Jason Patrick Jones commenced this action in state court by filing an original petition in the 193rd District Court of Dallas County, Texas, on April 25, 2018. (*See* Doc. 1-6.)  In the petition, Jones asserts a cause of action for "medical-malpractice" against the Dallas VA Medical Center based on allegations that Jones did not receive proper treatment upon presenting to the Dallas VA Medical Center's emergency room on August 1, 2016.  (*See* Doc. 1-6 at p. 2 of 8.)  The Dallas VA Medical Center timely removed the case to this Court on May 22, 2018, (Doc. 1), and now moves to dismiss.

## II.     Legal Standards

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  *Id.* (citation omitted).

## III.    Argument and Authorities

The United States and its agencies enjoy sovereign immunity from suit unless Congress has specifically consented to the suit, *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983), and the plaintiff bears the burden of showing a waiver of immunity, *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).  The government's consent to suit "is a prerequisite to federal jurisdiction," *In re FEMA*

*Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012), and Congress's waiver of immunity "must be unequivocally expressed in statutory text . . . and will not be implied," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

Here, Jones is attempting to sue the Dallas VA Medical Center—a component of the U.S. Department of Veterans Affairs, which is an executive department of the United States, *see* 38 U.S.C. § 301—for damages and other related relief based on alleged medical malpractice committed when Jones visited the Dallas VA Medical Center's emergency room. (*See* Doc. 1-6.) However, Jones has not identified any waiver of immunity that would permit such a suit to go forward against the Dallas VA Medical Center. (*See* Doc. 1-6.) This failing is alone sufficient to warrant dismissal under Rule 12(b)(1). *See Freeman*, 556 F.3d at 334.

That no jurisdiction exists for Jones's suit against the Dallas VA Medical Center is confirmed by Congress' enactment of the Federal Tort Claims Act (FTCA). The FTCA "is the *exclusive* remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (emphasis added). But the FTCA authorizes a suit only against the United States (and, even then, only under certain limited circumstances and if an administrative process has been properly exhausted first). *See id.* Accordingly, "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199, 204–05 (5th Cir.

1981); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975).) Because this is such a case, it must be dismissed.

Finally, the doctrine of derivative jurisdiction serves as an additional basis for dismissal here. The doctrine of derivative jurisdiction provides that "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014); *see also Colonial Cnty. Mut. Ins. Co. v. United States*, No. SA-15-CV-917-XR, 2015 WL 7454698, *2 (W.D. Tex. Nov. 23, 2015).[2] "Thus, where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none . . . ." *Id.* (internal quotation marks, brackets, and citation omitted). Because Jones is attempting to sue for medical malpractice allegedly committed by a federal agency, the FTCA provides the only possible basis for an action, as discussed above. And since "only federal courts have subject matter jurisdiction in an FTCA case," the 193rd District Court in Dallas County, Texas, did not have jurisdiction when Jones filed suit there. *See Colonial*, 2015 WL 7454698, at *2. For this reason, the doctrine of derivative jurisdiction mandates that no jurisdiction can exist in this Court for Jones's suit, either. *See also Morgan v. FBI*, No. A-16-CV-1290-LY, 2017 WL 1322251, at *2 (W.D. Tex. Apr. 10, 2017) (explaining that the doctrine of derivative jurisdiction required the

---

[2] The doctrine of derivative jurisdiction no longer applies to cases removed under 28 U.S.C. § 1441, but does still apply to cases, like this one, removed under 28 U.S.C. § 1442. *See Lopez*, 749 F.3d at 350.

dismissal of claims for injunctive relief against the FBI that had originally been filed in state court).

### IV.   Conclusion

Jones's petition should be dismissed for lack of jurisdiction.

        Respectfully submitted,

        ERIN NEALY COX
        United States Attorney

        /s/ Brian W. Stoltz
        Brian W. Stoltz
        Assistant United States Attorney
        Texas Bar No. 24060668
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:   214-659-8626
        Facsimile:   214-659-8807
        brian.stoltz@usdoj.gov

        Attorneys for Defendant

### Certificate of Service

I hereby certify that a true and correct copy of this document (together with its accompanying proposed order) has been served on plaintiff by first-class mail, on this 29th day of May, 2018, addressed to:

    Jason Patrick Jones
    4848 Lemmon Avenue, Box 415
    Dallas, Texas 75219

        /s/ Brian W. Stoltz
        Brian W. Stoltz
        Assistant United States Attorney