IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON PATRICK JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-CV-1306-G (BT) |
| | § | |
| DALLAS VETERANS HOSPITAL, | § | |
| VA NORTH TEXAS HEALTH CARE | § | |
| SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Dallas Veterans Hospital, VA North Texas Health Care System (the "Dallas VA") has filed a Motion to Dismiss Plaintiff Jason Patrick Jones's ("Jones") claim against it in this *pro se* civil action. For the following reasons, the District Court should GRANT Defendant's Motion [ECF No. 6] and DISMISS Plaintiff's claims without prejudice.

**Background**

Plaintiff brings this action against the Dallas VA for medical malpractice, alleging that he did not receive proper treatment on August 1, 2016 when he presented at the Dallas VA's emergency room seeking an evaluation because he suspected he had been sexually assaulted. Pl's Pet. [ECF No. 1-6] at 1. Plaintiff alleges that nurse Robert Whittaker informed him that the Dallas VA does not perform "rape kit" exams and that he would need to be transferred to Parkland

Hospital to receive that treatment. Pl's Pet. at 1. Plaintiff alleges he was eventually taken by a police officer to Methodist Dallas Medical Center, rather than Parkland, and that he was not treated at Methodist Dallas Medical Center either. Pl's Pet. at 2. Plaintiff filed his original petition for medical malpractice in the 193rd District Court of Dallas County, Texas, seeking $10 million in damages and a temporary restraining order against Nurse Whittaker. Pl's Pet. 2, 3.

Defendant removed the case to this Court under 28 U.S.C. § 1442(a)(1), which authorizes removal of state court actions against officers and agencies of the United States. [ECF No. 1]. Defendant subsequently filed the pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). [ECF No. 6]. Plaintiff failed to respond to Defendant's Motion, and the time has expired for him to do so. *See* Order [ECF No. 7]. Accordingly, the Court considers the Motion without the benefit of a response.

## Legal Standards and Analysis

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely

to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

  Defendant contends that the Court lacks subject matter jurisdiction because the United States and its agencies have sovereign immunity from suit unless Congress has specifically consented. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *United States. v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The plaintiff bears the burden of showing that Congress waived sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Congress's waiver must also be "unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

Additionally, Defendant asserts that the doctrine of derivative jurisdiction prevents the Court from having subject matter jurisdiction. The doctrine of derivative jurisdiction states that the federal court's jurisdiction in cases removed from state court is "derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). As a result, if "the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none." *Id.* (internal quotation marks, citation omitted). Congress eliminated the doctrine of derivative jurisdiction with respect to cases removed under 28 U.S.C. § 1441(e), but the Fifth Circuit has held that the doctrine still applies to removals under 28 U.S.C. § 1442. *Colonial Cty. Mut. Ins. Co. v. United States*, 2015 WL 7454698, at *2 (W.D. Tex. Nov. 23, 2015); *Lopez*, 749 F.3d at 351.

Here, Defendant's Motion makes a facial attack on the Court's subject matter jurisdiction. Defendant did not submit evidence in support of its assertion that the Court lacks subject matter jurisdiction over Plaintiff's claim, and Defendant argues that Plaintiff's jurisdictional claim fails on legal, not factual, grounds. Thus, all of Plaintiff's factual allegations will be accepted as true for the purpose of determining whether the Court has jurisdiction over his claims.

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff is suing the Dallas VA, which is part of the U.S. Department of Veterans Affairs, an executive department of the United States. 38 U.S.C. § 301(a) ("The Department of Veterans Affairs is an executive department of the United States."). As a department of the United States, Congress must have specifically

4

waived the U.S. Department of Veterans Affairs's sovereign immunity for it to be subject to suit. *See Lane*, 518 U.S. at 192. Plaintiff has not carried his burden and identified such a waiver. *See Freeman*, 556 F.3d at 334; Pl's Pet. Accordingly, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim.

The Court also lacks subject matter jurisdiction to adjudicate Plaintiff's claim per the doctrine of derivative jurisdiction since the state court also lacks subject matter jurisdiction. *See Lopez*, 749 F.3d at 350. Because the Department of Veterans Affairs is a department of the United States, a federal agency, the only potential mechanism to sue the agency is via the Federal Tort Claims Act, after exhausting the administrative process. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("A suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees."). Since federal courts have exclusive jurisdiction over FTCA cases, the state court in this case could not have jurisdiction to adjudicate Plaintiff's claim. *Colonial Cty. Mut. Ins. Co.*, 2015 WL 7454698, at *2 ("Only federal courts have subject matter jurisdiction in an FTCA case."). As a result, the doctrine of derivative jurisdiction also dictates that this Court lacks subject matter jurisdiction over Plaintiff's claim.

Because Defendant is a subsidiary of the United States Department of Veterans Affairs, and Plaintiff has not shown that Congress has waived sovereign immunity, this Court lacks subject matter jurisdiction over Plaintiff's claim. Additionally, because the state court would not have subject matter jurisdiction

over Plaintiff's claim, this Court also lacks subject matter jurisdiction per the doctrine of derivative jurisdiction. Defendant's Motion to Dismiss should be GRANTED.

### Recommendation

For the reasons stated above, the District Court should GRANT Defendant's Motion to Dismiss [ECF No. 6]. The District Court should DISMISS Plaintiff's claim against Defendant without prejudice.

**SO RECOMMENDED.**

October 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).